**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **FREDERICO GONZALEZ ID # 31225-177,** ) | |
| Movant, ) | |
| vs. ) | No. 3:11-CV-0634-G-BH |
| ) | No. 3:03-CR-0329-G (13) |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the movant's *Handwriting Motion and Affidavit and letter,* received July 1, 2013 (doc. 46), which is properly liberally construed as a motion for relief from judgment. Based on the relevant filings, evidence and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On March 28, 2011, Federico Gonzalez (Movant) filed a *Motion to Vacate, Set Aside, or Correct Sentence* ("Mot.") under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Case No. 3:03-CR-0329-G (13) for narcotics trafficking conspiracy in violation of 21 U.S.C. § 846 and a money laundering conspiracy in violation of 18 U.S.C. § 1956(h). (*See* Judgment).[1] He asserted that his trial attorneys were ineffective in numerous respects, and that the Court had erred by failing to advise him that he could withdraw his guilty plea and by basing his sentence on conclusory statements contained in the pre-sentence report (PSR) regarding attributable drug amounts.

---

[1] The movant pled guilty without a plea agreement on April 6, 2004. After a sentencing hearing on August 11, 2004, the Court entered judgment on the guilty plea and sentenced him to life imprisonment on Count 1 and 240 months on Count 2, to be served concurrently. (*See* Judgment).

On November 29, 2011, the Court conducted an evidentiary hearing on Movant's claims that his trial attorneys were ineffective for advising him to plead guilty, for incorrectly advising him that he would received between 10 and 15 years if he pled guilty, and for failing to advise him that he could withdraw his guilty plea when no plea agreement was reached. (*See* doc. 8, Order Setting Evidentiary Hearing). The motion to vacate was ultimately denied on its merits on March 1, 2012. (doc. 39). Movant appealed this denial, and the Fifth Circuit affirmed the denial of relief. *See United States v. Gonzalez*, No. 12-10399 (5th Cir. Nov. 1, 2012).

Movant now claims that he has learned that his appellate counsel, who was subpoenaed to testify at the evidentiary hearing but did not do so, has his trial attorneys' case file. He further asserts that this file would demonstrate that his trial attorneys did not testify truthfully at the hearing, and that his case should therefore be reconsidered. (doc. 46 at 1-2).

## II. RULE 60(b)

Movant's contention that his closed habeas case should be re-opened for a new evidentiary hearing should be construed as a Rule 60(b) motion.

Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no

2

longer than one year after judgment was entered,. *See* RULE 60(c)(1).

Because Movant has filed his motion more than one year after judgment was entered in his case, and he does not argue that the judgment is void or that it has been discharged, it should be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Movant challenges the testimony at the evidentiary hearing on the basis that he has learned where the attorney case file, that was not submitted into evidence at the hearing, is located. He appears to argue that if this file was reviewed, there would be some unspecified notes in the file that would call into question the testimony given by his attorneys at the hearing. (doc. 46 at 1, 14). At

the hearing, the Court heard testimony regarding Movant's ineffective assistance of counsel claims from Movant, his two trial attorneys, and his daughter. It then entered findings, conclusions, and recommendation, finding the trial attorneys' testimony on the issues was credible, that Movant was never promised a certain sentence, that he pled guilty after acknowledging that he was pleading guilty without a plea agreement and after acknowledging that the maximum sentence he could receive was life imprisonment, and that counsel was not ineffective. (doc. 32 at 8-10). The existence of the attorney case file and the possibility of some notes in this case file does not change this analysis. Furthermore, the trial attorneys testified at the hearing that the case file was most likely forwarded to the next attorney who represented movant. (doc. 35 at 10-11, 49-50). While Movant characterizes their testimony that they did not know where their notes were as false, they actually testified that any notes made during the course of representing Movant were with the file. He has not shown that any false testimony was given.

Movant, through appointed counsel, had a fair opportunity to present his claims at the hearing, and the fact that he has learned that his appellate attorney has the case file which *may* contain inconsistent notes is not a reason to disturb the final judgment in this case. Movant's motion for relief from judgment should be denied.

### III. RECOMMENDATION

Movant's *Hand Writing Motion and Affidavit and letter* (doc. 46) should be construed as a motion for relief from judgment pursuant to Rule 60(b) and should be **DENIED**.

**SIGNED this 12th day of July, 2013.**

                                                      IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                     IRMA CARRILLO RAMIREZ
                                                   UNITED STATES MAGISTRATE JUDGE